■ J.H. ELECTRIC OF NEW YORK, INC., Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [773 NYS2d 391]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered September 5, 2002, which denied plaintiff's motion for partial summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The contract, when read as a whole, required plaintiff to purchase and furnish the radio system in order to complete the

work in accordance with the terms. The specifications called for installation of the radio system, delineating the products required, and further provided that the requirement to furnish all labor and materials applied to this installation. The contract explicitly provided that where equipment was included in the contract drawings, as it was here, it is also deemed included in the specifications.

Inasmuch as the radio system was not included in the list of products that defendant was to provide, and the contract provided that plaintiff was to "locate" the radio system in accordance with the drawings, there was, at best, a latent ambiguity as to whether plaintiff was responsible for purchasing the radio system. Plaintiff's failure to seek clarification of this provision before submitting its bid meant that it would be held to defendant's reasonable interpretation of the term (*see Cipico Constr. v City of New York*, 279 AD2d 416 [2001]).

With regard to plaintiff's claim to recover costs for grounding wire for the generator, the specifications indicated that installation of such wire was necessary for the system to be compliant with the National and New York City Electrical Codes. Thus, plaintiff had to perform grounding work in order to be code compliant, as required by the contract, and is not entitled to additional compensation. Concur—Buckley, P.J., Williams, Lerner and Marlow, JJ.